**United States Bankruptcy Court**
**District of Massachusetts, Boston Division**

## AMENDED CHAPTER 13 PLAN

Filing Date: _____    Docket #: _____

Debtor: **Boll, Thomas V.**    Co-Debtor: _____

SS#: **9978**    SS#: _____

Address: **15 Woodland Cir**    Address: _____

**Wareham, MA  02571-2085**    , _____

Debtor's Counsel:

**Benner & Weinkauf, P.C.**
**33 Samoset St**
**Plymouth, MA  02360-4551**

**(508) 746-8030**

**(866) 227-4592**

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE § 341 MEETING OR THIRTY (30) DAYS AFTER THE SERVICE OF AN AMENDED OR MODIFIED PLAN TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

United States Bankruptcy Court

District of Massachusetts, Boston Division

# AMENDED CHAPTER 13 PLAN

Docket No.:

DEBTOR(S):  (H) **Boll, Thomas V.**                                  SS# **9978**
                    (W)                                                            SS#

## I. PLAN PAYMENT AND TERM:

Debtor(s) shall pay monthly to the Trustee the sum of $ **340.00** for the term of:

[ ] 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);

[ ] 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);

[x] 60 Months. 11 U.S.C. § 1322(d)(2). Debtor avers the following cause:

[ ] ____ Months. The Debtor states as reasons therefore:

**STATEMENT OF CAUSE: The Debtor(s) is required to extend the plan to 60 months due to income constraints that make a shorter plan unfeasible.**

## II. SECURED CLAIMS:

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| **Wells Fargo Hm Mortgag** | 15 Woodland Cir, Wareham, MA 02571-2085 | 13,993.75 |
| | Total of secured claims to be paid through the Plan: $ | **13,993.75** |

B. Claims to be paid directly to creditors (not through plan):

| Creditor | Description of Claim |
|---|---|
| **Wells Fargo Hm Mortgag** | **15 Woodland Cir, Wareham, MA 02571-2085** |

C. Modifications of Secured Claims:

| Creditor | Details of Modification (Additional details may be attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| **None** | | |

D. Leases:

i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of:

**None**

ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of :
**None**

iii. The arrears under the lease to be paid under the Plan are_____.

## III. PRIORITY CLAIMS:

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

B. Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

Total of Priority Claims to Be Paid Through the Plan: $_____**0.00**

## IV. ADMINISTRATIVE CLAIMS:

A. Attorneys fees  (to be paid through the Plan): $ **4,000.00**.

B. Miscellaneous fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

## V. UNSECURED CLAIMS:

The general unsecured creditors shall receive a dividend of **0.00**% of their claims.

A. General unsecured claims:                                                                                                                            $_____**1,400.00**

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| | Total of A + B + C unsecured claims: | $ **1,400.00** |

D. Multiply total by percentage**:** $ **0.00**.

(Example: total of $38,500.00 x .22 dividend = $8,470.00)

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |
| | Total amount of separately classified claims payable at **100**%: | $ **0.00** |

## VI. OTHER PROVISIONS:

A. Liquidation of assets to be used to fund Plan:

B. Miscellaneous provisions:

## VII. CALCULATION OF PLAN PAYMENT:

| | |
|---|---|
| A. Secured claims (Section I-A Total): | $ **13,993.75** |
| B. Priority claims (Section II-A & B Total): | $ **0.00** |
| C. Administrative claims (Section III-A & B Total): | $ **4,000.00** |
| D. Regular unsecured claims (Section IV-D Total): + | $ **0.00** |
| E. Separately classified unsecured claims: | $ **0.00** |
| F. Total of a + b + c + d + e above: | $ **17,994.00** |
| G. Divide (f) by .90 for total including Trustee's fee: Cost of Plan: | $ **19,994.00** |

(This represents the total amount to be paid into the Chapter 13 Plan)

**h. Subtract the total amount of payments the Debtor has made to the Trustee to date:**...................$ **283.00**
**i. Total amount left to be paid (g minus h)**................................................................................$ **19,711.00**
**j. Divide (i) by # of months remaining:**................................................................................ **58 Months**
**k. Round up to nearest dollar: Amended Monthly Plan Payment:** $ **340.00**

(Enter this amount on Page 1)

**Amended Plan Payment date to begin: November 2016**

Pursuant to 11 U.S.C. §1326(a)(1) unless the Court orders otherwise, debtor shall commence making the payments proposed by a plan within thirty (30) days after the petition is filed. Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

## VIII. LIQUIDATION ANALYSIS

A. Real Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens |
|---|---|---|
| | | |

15 Woodland Cir, Wareham, MA 02571-2085                                    195,000.00                    102,255.00

Total Net Equity for Real Property:    $_____92,745.00
Less Total Exemptions (Schedule C):    $_____92,745.00
Available Chapter 7:                   $_____0.00

B. Automobile

| Describe year, make and model | Value | Lien | Exemption |
|---|---|---|---|
| 1995 Buick Riviera 2dr Coupe | 1,942.00 | 0.00 | 7,500.00 |

Total Net Equity:                      $_____1,942.00
Less Total Exemptions (Schedule C):    $_____1,942.00
Available Chapter 7:                   $_____0.00

C. All Other Assets (All remaining items on Schedule B): (Itemize as necessary)

Total Net Value:                       $_____8,625.00
Less Exemptions (Schedule C):          $_____8,625.00
Available Chapter 7:                   $_____0.00

D. Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions: $ **0.00**.

E. Additional Comments regarding Liquidation Analysis:

**IX. SIGNATURES**

Pursuant to the Chapter 13 rules, the debtor or his or her attorney is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

*/s/ Thomas Benner*                                        **November 15, 2016**
Debtor's Attorney                                          Date

Attorney's Address:
**Benner & Weinkauf, P.C.**
**33 Samoset St**
**Plymouth, MA  02360-4551**

Tel. # **(508) 746-8030**                    Email Address: **tbenner@tbennerlaw.com**

**I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.**

*/s/ Thomas V. Boll*                  **November 15, 2016**
Debtor                                                   Date

Debtor                                                   Date

## CERTIFICATE OF SERVICE

I, Thomas C. Benner, Esq., hereby certify that I have served a copy first class mail, postage pre paid of the within Chapter 13 Plan to the attached distribution service list.

/s/ Thomas C. Benner, Esq.
Thomas C. Benner, Esq.

VIA CM/ECF

John Fitzgerald, United States Trustee
Carolyn Bankowski, Chapter 13 Trustee
Joshua Ryan, Esq., Wells Fargo Bank, N.A.

Harmon Law Offices
150 California St
Newton, MA  02458-1005

Mass. Dept. of Revenue
Attn: Bankruptcy Unit
PO Box 9564
Boston, MA  02114-9564

South Coast Health system
101 Page St
New Bedford, MA  02740-3464

Southcoast Health Systems Federal Credit Uni
Watt & Sylvia
628 Pleasant Street
New Bedford, MA  02740-6208

Wells Fargo Bank, N.A.
Default Document Processing
N9286-01Y
1000 Blue Gentian Road
Eagan, MN 55121-7700

(p)WELLS FARGO BANK NA
WELLS FARGO HOME MORTGAGE AMERICAS SERVICING
ATTN BANKRUPTCY DEPT MAC X7801-014
3476 STATEVIEW BLVD
FORT MILL SC 29715-7203